# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| DOUGLAS C. MYERS | |
|      Plaintiff | |
|      v. | Civil Action No. ELH-16-3220 |
| CFG COMMUNITY BANK | |
|      Defendant | |

## MEMORANDUM

Plaintiff Douglas C. Myers filed suit on September 22, 2016, against CFG Community Bank ("CFG"), defendant. The Complaint (ECF 1), to which several exhibits are appended, concerns a foreclosure proceeding against Myers that resulted in the sale of his properties on or about February 11, 2011, located at 5734 and 5800 Emory Road in Upperco, Maryland. *Id.*; *see also Myers v. CFG Community Bank,* CCB-16-3098 (D. Md.) ("*Myers* I"); *Katz v. Myers,* Case No. 03-C-08-001235 (Balto. Co. Circuit Court), http://casesearch.courts.state.md.us/inquiry. Myers filed an Amended Complaint on September 29, 2016 (ECF 2), adding an additional exhibit.[1]

In his suit, Myers, who is self-represented, invokes this court's federal question jurisdiction under the Fifth Amendment and 42 U.S.C. § 1983. ECF 2 at 1. Further, Myers indicates his action is "predicated on the authority of Rule 60(b)(4) of the Federal Rules of Civil

---

[1] Myers did not refile all of the exhibits appended to ECF 1. The exhibits attached to the original Complaint are labeled as exhibits A through D. The exhibits attached to the Amended Complaint is successively labeled as Exhibit E. The Court must construe liberally the pleadings of a self-represented litigant. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Therefore, I shall also consider the Exhibits appended to the Complaint, as they are mentioned in the Amended Complaint, and it appears that Myers intended that the Court consider them.

Procedure…made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024." *Id.*

Myers seeks declaratory relief voiding the foreclosure sale; a permanent injunction voiding the subsequent transfer of the deeds to the properties to Frederick Burgesen; and an order to CFG to record a release of judgments entered against him and Mt. Oak Estates, LLC. ECF 2 at 4. Moreover, he seeks entry of an order "reinstating fee simple title" to him. *Id.* In particular, he challenges an amended order in Bankruptcy Case RAG-10-28695 (Bankr. Md.), entered January 31, 2011, dismissing his bankruptcy case; the order of February 14, 2011; and the foreclosure sale held in February 23, 2011. *Id.* at 3.

## Background

The information below is gleaned from the Amended Complaint and *Myers* I.[2]

On May 17, 2006, Myers executed a promissory note in the amount of $800,000 with AmericasBANK (the "Bank") for the two properties. *Myers* I, ECF 1 at 2. On January 30, 2008, Ronald B. Katz, Substitute Trustee, filed a foreclosure action on behalf of the Bank in the Circuit Court for Baltimore County. ECF 2; *Myers* I, ECF 1 at 2.

---

[2] "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *see* Fed. R. Evid. 201(b)(2) (stating that a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). In particular, pursuant to Fed. R. Evid. 201, a court may take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute," in that it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Of import here, in *Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990), the Court recognized that a district court may "properly take judicial notice of its own records."

In February 2008, the Bank proposed loan modification and termination of the foreclosure action if Myers provided additional security from Mt. Oak Estates, LLC. *Myers* I, ECF 1 at 1-2. The loan modification agreement and a deed of trust modification agreement, which cured the default and reinstated the loan under modified terms and conditions, was executed on March 4, 2009. The loan modification agreement mentions the foreclosure action. The deed of trust modification agreement, which did not reference the foreclosure action, was then recorded in Baltimore County land records. *Myers* I, ECF 1 at 2. According to Myers, these documents superseded the original note and deed of trust on the properties. *Id.* The assets of the Bank, including the note, were acquired by CFG in November 2009. *Id.* at 3.

Myers filed a Chapter 13 Voluntary Petition in U.S. Bankruptcy Court on August 16, 2010, RAG-10-28695 (Bankr. Md.). Myers noted a mailing address at 5732 Emory Road, Upperco, Md., 21155. ECF 2 at 2; ECF 1-4. On August 19, 2010, the Bankruptcy Court mailed the Notice of Meeting of Creditors to 5734 Emory Road, which is not the mailing address disclosed on the Voluntary Petition. Myers claims he did not receive it. ECF 2 at 2. On October 5, 2010, the Bankruptcy Trustee mailed a motion to dismiss to Myers, based on his failure to attend the meeting of creditors. *Id.* But, it was sent to the wrong address. *Id.* The Bankruptcy Court entered an order on November 1, 2011, dismissing the case based on Myers's failure to attend the meeting of creditors, and lifted the automatic stay. *Id.* But, this order also was mailed to the wrong address. *Id.*; *see also* ECF 1-5; ECF 2-1.

Myers filed a timely motion to reconsider on November 8, 2010, indicating he did not receive the notice due to the error and noting a new address, P.O. Box 295, Owings Mills, Md. 21117. ECF 2 at 2-3; ECF 1-2. The Bankruptcy Court ordered Myers to file an amended motion to reconsider, which he did. *Myers* I, ECF 1-7.

On January 31, 2011, the Bankruptcy Court entered an amended order denying reconsideration, dismissing the case with prejudice, and lifting the stay.  *Myers* I, ECF 1-8.  The amended order stated that Myers's filing history "reveals he is a serial filer who has abused the bankruptcy process."  *Id.*  In addition, the Bankruptcy Court barred Myers from filing a new case in bankruptcy for a period of 365 days from February 2, 2011.  *Id.*

Myers moved to reconsider on February 8, 2011, under Rule 59(e).  ECF 2 at 3.  The Bankruptcy Court denied that motion in an Order signed on February 13, 2011.  ECF 1-4 at 2.  On February 23, 2011, the properties were sold at a foreclosure sale.  ECF 2 at 4.[3]

Myers consistently has claimed that, at the time of the foreclosure sale, the properties were still encumbered by the deed of trust that had been assigned to CFG, and that the individual who purchased the properties at the foreclosure sale is not a bona fide purchaser.

In the instant action, Myers claims that his Fifth Amendment right to due process was denied by the Bankruptcy Court because of inadequate notice or failure to provide service.  He seeks relief pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure to correct this alleged deficiency.  Myers also invokes Rule 60(b)(3) and (4) in an effort to reopen his Chapter 13 bankruptcy case to permit him to file a motion to vacate dismissal of the case, based on his claim of lack of notice.  That motion to reopen, filed July 1, 2016, was denied by the Bankruptcy Court on August 10, 2016.  Myers did not note an appeal from that ruling.

## Discussion

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint."  *Pinkley, Inc. v. City of*

---

[3] The state docket reveals that Myers has filed several unsuccessful motions in the foreclosure action seeking to alter or amend judgment.  On April 8, 2016, the Court of Special Appeals of Maryland affirmed the judgment of the Circuit Court for Baltimore County.  On May 26, 2016, the Court of Appeals of Maryland denied Myers's certiorari request.

*Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz v. Friend*, 599 U.S. 77, 95, 130 S.Ct. 1181, 1194 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

To the extent that Myers seeks to attack the Maryland foreclosure action in 2011 and the subsequent sale of his property, these actions, brought under Maryland law, generally do not give rise to federal question subject matter jurisdiction. *See McNeely v. Moab Tiara Cherokee Kituwah Nation Chief*, 3:08-CV-00293-FDW, 2008 WL 4166328 (W.D. N.C 2008) ("Nothing in [a foreclosure action of real property] suggests the presence of a federal question"). When the essence of a complaint pertains to a foreclosure action, this remains so even if the plaintiff asserts a due process violation. *See Smith v. Nationstar Mortgage, LLC*, 2015 WL 9581802, at *4 (D. Md. Dec. 29, 2015) (dismissing case challenging foreclosure proceeding for lack of subject matter jurisdiction despite due process claim); *El v. Holland*, 2012 WL 2394830, at *1-2 (W.D. N.C. June 25, 2012) (same, where plaintiff claimed wrongful eviction without due process). The alleged due process violation here is insufficient to establish jurisdiction. *Cf. Bell v. Hood*, 327 U.S. 678, 682-3 (1946) (noting a suit "may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution . . . clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous").

It also appears that Myers asserted the same claim in *Myers* I.  Thus, the claim is barred by *res judicata*.

*Res judicata*, or claim preclusion, is a judicial doctrine by which "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States,* 440 U.S. 147, 153 (1979); *see Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008).  The doctrine precludes parties from "contesting matters that they have had a full and fair opportunity to litigate," thereby conserving judicial resources and minimizing the possibility of inconsistent decisions.  *Montana*, 440 U.S. at 153–54.

The doctrine of res judicata was "designed to protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'"  *Laurel Sand & Gravel, Inc.*, 519 F.3d at 161-62 (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)).  Res judicata also extends to claims that could have been asserted and litigated in the original suit.  *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013).

The applicable law for purposes of claim preclusion in federal court is the law of the tribunal in which the prior judgment was entered.  *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *accord Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005).  The Fourth Circuit has said: "Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered."  *Laurel Sand & Gravel, Inc.*, 519 F.3d at 162; *accord Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 643 (4th Cir. 2011) (per curiam).

The doctrine applies when the following three elements are present: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suit,

and (3) an identity of parties or their privies in the two suits." *Clodfelter*, 720 F.3d at 210 (citation and quotation marks omitted); *see Weiner v. Fort*, 197 F. App'x 261, 264 (4th Cir. 2006); *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) ("claim preclusion occurs when three conditions are satisfied: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding"); *Young–Henderson v. Spartanberg Area Mental Health Ctr.,* 945 F.2d 770, 773 (4th Cir. 1991) (quoting *Nash Cty. Bd. of Educ. v. Biltmore Co.,* 640 F.2d 484, 486 (4th Cir. 1981)).

All of these elements are satisfied here as to the challenge to the foreclosure action. First, plaintiff has field several prior actions, both in State court and in this Court. Addressing only the federal case before Judge Blake, it resulted in a final judgment on the merits – dismissal of plaintiff's claims.

Second, a claim in an earlier federal action is "identical" for purposes of *res judicata* if it "involves a right arising out of the same transaction or series of connected transactions that gave rise to the claims in the first action." *Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir. 1986); *see Clodfelter*, 720 F.3d at 210 ("[W]e follow the 'transactional' approach when considering whether causes of action are identical: 'As long as the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment,' the first suit will have preclusive effect.'" (Citation omitted)); *In re Varat Enterprises, Inc.*, 81 F.3d at 1316. Notably, "[u]nder this transactional approach, *res judicata* will bar a 'newly articulated claim[]' if it is based on the same underlying transaction and could have been brought in the earlier action." *Clodfelter*, 720 F.3d at 210 (citing *Laurel Sand & Gravel, Inc.*, 519 F.3d at 162).

7

The prior case advanced substantially similar allegations as those asserted here.  "A plaintiff's invocation of a different legal theory in the subsequent action" does not preclude application of *res judicata*.  *Onawola v. Johns Hopkins Univ.*, AMD-07-870, 2007 WL 5428683, at *1 (D. Md. Sept. 24, 2007) (citing *Harnett*, 800 F.2d at 1314); *see* RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) cmt. c (1982).  Accordingly, to the extent that plaintiff relies on a theory of relief that differs from his prior federal case, this does not bar application of *res judicata* in this case.

Finally, the defendant in this case is the same as the defendant in the prior case.  Thus, the defendants are obviously in privity, as they "represent the same legal right in respect to the subject matter involved."  *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005).

To the extent that Myers objects to the Bankruptcy Court's denial of his motion to reopen the Chapter 13 bankruptcy proceedings that resulted in foreclosure of his properties, he may not seek relief in this court by way of a Rule 60(b) motion.  The proper procedure required him to note an appeal to this Court.  As no appeal was noted, this court lacks jurisdiction to review the denial of the motion to reopen.

## Conclusion

The Complaint must be dismissed for lack of jurisdiction.  A separate Order follows.

Date: October 5, 2016                                          _____/s/_____

                                                              Ellen L. Hollander
                                                              United States District Judge