# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DOUGLAS C. MYERS                    *

Plaintiff                           *

     v.                              *                    Civil Action No. ELH-16-3220

CFG COMMUNITY BANK                  *

Defendant                           *

## MEMORANDUM

Plaintiff Douglas C. Myers, who is self-represented, filed suit on September 22, 2016, against CFG Community Bank ("CFG"), defendant.   The Complaint (ECF 1), to which several exhibits are appended, concerns a foreclosure proceeding against Myers that resulted in the sale of his properties on or about February 11, 2011, located at 5734 and 5800 Emory Road in Upperco, Maryland.   *Id.*; *see also Myers v. CFG Community Bank,* CCB-16-3098 (D. Md.) ("*Myers* I"); *Katz v. Myers,* Case No.   03-C-08-001235   (Balto.   Co.   Circuit   Court), http://casesearch.courts.state.md.us/inquiry.   Myers filed an Amended Complaint on September 29, 2016 (ECF 2), adding an additional exhibit.

In   his   suit,   Myers   invokes   this   court's   federal   question jurisdiction under the Fifth Amendment and 42 U.S.C. § 1983.   ECF 2 at 1.   Further, Myers indicates that his action is "predicated on the authority of Rule 60(b)(4) of the Federal Rules of Civil Procedure…made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024."   *Id.* In particular, Myers challenges an amended order in Bankruptcy Case RAG-10-28695 (Bankr. Md.), entered January 31, 2011, dismissing his bankruptcy case; the order of February 14, 2011; and the foreclosure sale held on February 23, 2011.   *Id.* at 3.   He seeks declaratory   relief voiding   the   foreclosure   sale;   a   permanent   injunction voiding the subsequent transfer of the

deeds to the properties to Frederick Burgesen; and an order to CFG to record a release of judgments entered against him and Mt. Oak Estates, LLC. ECF 2 at 4. Moreover, he seeks entry of an order "reinstating fee simple title" to him. *Id.*

On October 5, 2016, I dismissed Myers's action, without prejudice, for lack of jurisdiction. ECF 3; ECF 4. On October 12, 2016, Myers sought reconsideration of that dismissal. ECF 5. Myers later filed an amended motion for reconsideration (ECF 6), and on October 31, 2016, he filed a motion for leave to file a supplemental motion for reconsideration (ECF 7), with an exhibit. I shall refer to all of Myers's submissions collectively as the "Motion."

## I. Standard of Review

A party may move to alter or amend judgment under Rule 59(e), or for relief from a judgment or order under Rule 60(b). *See* Fed. R. Civ. P. 59 (e), 60 (b). A motion to alter or amend filed within 28 days of judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59 (e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d. 1, 2-3 (4th Cir. 1992). The motion for reconsideration, as supplemented and amended, was filed before the expiration of the 28 day period after the entry of judgment, and shall be evaluated under Rule 59(e).

A district court may amend a judgment under Rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002). Although the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the Fourth Circuit has delineated three situations where relief can be granted: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations

omitted); *see Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

One purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted).  Further, a motion under Rule 59(e) "is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir.1995).  A losing party's  "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion," *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *see United States ex rel. Becker*, 305 F.3d at 290, but instead is "an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.,* 148 F.3d at 403 (citation omitted).

Myers has failed to satisfy the standard noted above, and reconsideration shall be denied, for the reasons set forth below.

## II. Background

As recounted in the Amended Complaint and in *Myers* I, Myers executed a promissory note on May 17, 2006, in the amount of $800,000 with AmericasBANK (the "Bank") for the two

properties. *Myers* I, ECF 1 at 2. On January 30, 2008, Ronald B. Katz, Substitute Trustee, filed

a foreclosure action on behalf of the Bank in the Circuit Court for Baltimore County. ECF 2;

*Myers* I, ECF 1 at 2. Thereafter, in February 2008, the Bank proposed loan modification

and termination of the foreclosure action if Myers provided additional security from Mt. Oak

Estates, LLC. *Myers* I, ECF 1 at 1-2.

The loan modification agreement and a deed of trust modification agreement, which

cured the default and reinstated the loan under modified terms and conditions, were

executed on March 4, 2009. The loan modification agreement mentions the foreclosure action.

The deed of trust modification agreement, which did not reference the foreclosure action, was

then recorded in Baltimore County land records. *Myers* I, ECF 1 at 2. According to Myers,

these documents superseded the original note and deed of trust on the properties. *Id.* The assets

of the Bank, including the note, were acquired by CFG in November 2009. *Id.* at 3.

Myers filed a Chapter 13 Voluntary Petition in U.S. Bankruptcy Court on August 16,

2010. *See* RAG-10-28695 (Bankr. Md.). CFC Community Bank, f/k/a AmericasBank, was a

party to that action. *See id.,* Certificate of Notice, Doc. 61, attached to ECF 1-9, *Myers* I. Myers

noted a mailing address at 5732 Emory Road, Upperco, Md., 21155. ECF 2 at 2; ECF 1-4. On

August 19, 2010, the Bankruptcy Court mailed the Notice of Meeting of Creditors to 5734

Emory Road, which is not the mailing address disclosed on the Voluntary Petition. Myers

claims he did not receive it. ECF 2 at 2. On October 5, 2010, the Bankruptcy Trustee mailed a

motion to dismiss to Myers, based on his failure to attend the meeting of creditors. *Id.* That

motion was sent to the wrong address. *Id.* The Bankruptcy Court entered an order on November

1, 2010, dismissing the case based on Myers's failure to attend the meeting of creditors, and

lifted the automatic stay.  *Id.*  This order also was mailed to the wrong address.[1]  *Id.*; *see also* ECF 1-5; ECF 2-1.

Myers filed a timely motion to reconsider on November 8, 2010, indicating he did not receive the notice due to the error and noting a new address, P.O. Box 295, Owings Mills, Md. 21117.  ECF 2 at 2-3; ECF 1-2.   The Bankruptcy Court ordered Myers to file an amended motion to reconsider, which he did.  *Myers* I, ECF 1-7.

On January 31, 2011, the Bankruptcy Court entered an amended order denying reconsideration, dismissing the case with prejudice, and lifting the stay.  *Myers* I, ECF 1-8. Having determined that Myers "is a serial filer who has abused the bankruptcy process," the Bankruptcy Court barred Myers from filing a new case in bankruptcy for a period of 365 days from February 2, 2011.  *Id.*  Notice was sent to the Chapter 13 trustee; to Myers, who claims he did not receive it; and to Myers's counsel.  *Id.*

Myers, acting pro se, moved to reconsider on February 8, 2011, under Rule 59(e).  ECF 2 at 3; ECF 1-9.  The Bankruptcy Court denied that motion in an Order signed on February 13, 2011.  ECF 1-4 at 2.  Once again, it appears that Myers's notice was sent in error to the 5734 Emory Road address.  *Id.*  On February 23, 2011, the properties were sold at a foreclosure sale. ECF 2 at 4.

In State court, Myers filed an exception to sale of the property on March 18, 2011, moved to vacate the foreclosure on October 18, 2011, and obtained counsel to further pursue this action on October 24, 2011.  *See Katz v. Myers,* Case No. 03C-08001235 (Balt. Co. Cir. Ct.), http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis? Myers's appeal of the denial of vacatur was unsuccessful.  His recent actions against CFG and Frederick Burgesen, filed in the

---

[1] It appears that the order was sent to Myers's attorney, Thomas W. Felder, II.  Case No. 10-28695, Doc. 39; *see also Myers* I at No. 1-5.

Circuit Court for Baltimore County on September 12 and 15, 2016, were dismissed on September 13 and 16, 2016, based on lis pendens. *See Myers v. CFC,* Case No. 03C-16009383 (Balt. Co. Cir. Ct.), http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis? and *Myers v. Burgesen,* Case No. 03C16009549 (Balt. Co. Cir Ct.), http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?

### III. Discussion

Myers claims that this Court "misapprehended [his] position in this matter," and that "the state's foreclosure action" is not the essence of the complaint.  ECF 6-1.  Instead, Myers argues that his complaint turns on "the numerous violations of the due process clause of the Fifth Amendment," due to the Bankruptcy Court's "non-compliance with 11 U.S.C. section 1307(c) (i.e., dismissing my bankruptcy case without providing the appropriate notice and a hearing)."  Myers argues that as a result, the dismissal of the case and lifting of the automatic stay is void and a legal nullity.  Thus, he reasons that, at the time of the sale, "the bankruptcy case was still pending and the automatic stay was in full force and effect," rendering the foreclosure sale void.  ECF 6-1 at 2.  In other words, at the time of the foreclosure sale, the properties were still encumbered by the deed of trust that had been assigned to CFG, and the individual who purchased the properties at the foreclosure sale is not a bona fide purchaser.

In addition to several unsuccessful motions in the foreclosure action seeking to alter or amend judgment (*see* ECF 3, Memorandum of October 5, 2016, at 4, n. 3), Myers invoked Fed. R. Civ. P. 60(b)(3) and (4) in an effort to reopen his Chapter 13 bankruptcy case to permit him to file a motion to vacate dismissal of the case, based on his claim of lack of notice.  That motion to reopen, filed July 1, 2016, was denied by the Bankruptcy Court on August 10, 2016.  Myers did not note an appeal from that ruling, but seemingly suggests that this court "may properly refer

bankruptcy cases and proceedings to federal bankruptcy judges," pursuant to 28 U.S.C. § 157. ECF 6-1 at 2.

Further, Myers contends that his claim is not foreclosed under the doctrine of *res judicata*, based on *Myers* I.  ECF 6-1 at 2.  Even if this court were to agree that Judge Blake's dismissal in *Myers* I for lack of subject matter jurisdiction, were not to be given preclusive effect pursuant to *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497 (2001),[2] Myers cannot prevail.  Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint."  *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp*., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).  This "burden" is placed on "the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz v. Friend*, 599 U.S. 77, 95, 130 S.Ct. 1181, 1194 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

As noted in my earlier Memorandum, when the essence of a complaint pertains to a foreclosure action, such an action implicates state law, and does not give rise to federal question subject matter jurisdiction, even if the plaintiff asserts a due process violation.  *See Smith v. Nationstar Mortgage, LLC*, 2015 WL 9581802, at *4 (D. Md. Dec. 29, 2015) (dismissing case challenging foreclosure proceeding for lack of subject matter jurisdiction despite due process

---

[2] In *Semtek,* the plaintiff, whose claims under California law had been dismissed on limitations grounds by a California federal district court sitting in diversity, brought action in Maryland state court asserting similar claims under Maryland law.  The action was dismissed in the Circuit Court for Baltimore City on *res judicata* grounds, and upheld on appeal.  The Supreme Court determined that the claim preclusive effect of the dismissal "upon the merits" of a diversity action on state limitations grounds is governed by a federal rule, which in turn (in diversity cases) incorporates the forum state's law of claim preclusion.  Thus, the Maryland Court of Special Appeals erred in holding that the California federal court's dismissal necessarily precluded the Maryland state court action.  *Id.* at 1024-29.  The instant action is not based on diversity jurisdiction, however.

claim); *El v. Holland*, 2012 WL 2394830, at *1-2 (W.D. N.C. June 25, 2012) (same, where plaintiff claimed wrongful eviction without due process). The alleged due process violation here is insufficient to establish jurisdiction. *Cf. Bell v. Hood*, 327 U.S. 678, 682-3 (1946) (noting a suit "may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution . . . clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous").

Myers argues that the nature of his complaint is not to attack the foreclosure, but to protest the lack of due process caused by the Bankruptcy Court's failure to properly note his mailing address. This argument is specious at best, as Myers seeks declaratory relief voiding the foreclosure sale; a permanent injunction voiding the subsequent transfer of the deeds to the properties to Frederick Burgesen; and an order to CFG to record a release of judgments entered against him and Mt. Oak Estates, LLC. ECF 2 at 4.

To the extent that Myers objects to the Bankruptcy Court's denial of his motion to reopen the Chapter 13 bankruptcy proceedings that resulted in foreclosure of his properties, he may not seek relief in this court by way of a Rule 60(b) motion. The proper procedure required him to note an appeal to this Court, presenting his due process claims. As no appeal was noted, at this juncture, this court lacks jurisdiction to review the denial of the motion to reopen.

Moreover, to the extent that Myers is suing CFG for wrongful foreclosure, Maryland's three-year limitations period for suits in response to wrongful foreclosures applies. *See* Md. Code, Real Prop. Art. § 7-105.1. Here, foreclosure occurred on February 23, 2011, more than five years before Myers initiated any federal lawsuit.

Finally, Myers premises his claim against CFG, a private corporation, on the alleged violation of his civil rights under 42 U.S.C. § 1983. A person charged with the civil rights

violation must be a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state.   The claims alleged under 42 U.S.C. § 1983 fail, as CFG is not a state actor. Further, the conduct described by Myers is not attributed to CFG, but rather is based on clerical errors made by employees of the Bankruptcy Court, none of whom is named here.

### IV.  Conclusion

Myers does not contend that there has been an intervening change in controlling law or newly discovered evidence.   Rather, he seemingly expresses disagreement with the court's Memorandum and Order dismissing the case.   Myers does not, however, set forth any grounds under Rule 59(e) for reconsideration of the Memorandum and Order.   Therefore, I shall deny the Motion.

Date:   November 29, 2016                        _____/s/_____
                                                Ellen L. Hollander
                                                United States District Judge