IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DOUGLAS C. MYERS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICKEY J. NORMAN,<br>    *Associate Judge, Balt. Co. Cir. Ct.,*<br>KEITH R. TRUFFER,<br>    *Associate Judge, Balt. Co. Cir. Ct.,*<br>RONALD B. KATZ,<br>    *Substitute Trustee*,<br>CFG COMMUNITY BANK,<br>THE ESTATE OF FREDERICK BURGESEN,<br>    *Michelle Y. Burgesen, Personal Rep.,*<br>TIMOTHY KIRK NICKOLES,<br>JENNIFER MARIE NICKOLES,<br>LESLIE A. BASS,<br><br>    Defendants. | Civil Action No.:  ELH-20-248<br><br>(Related Cases: ELH-17-149, ELH-16-3220, CCB-16-3098) |

**MEMORANDUM**

In this Memorandum, I address a motion to alter or amend (ECF 6, the "Motion") filed by the self-represented plaintiff, Douglas C. Myers.  No hearing is necessary to resolve the Motion.  Local Rule 105.6.  For the reasons that follow, I shall deny the Motion.

**I.    Background**

Plaintiff filed suit in January 2020 against several defendants.  ECF 1.  He filed an Amended Complaint in March 2020.  ECF 2.  The suit concerned a sale of real property that took place in 2011, pursuant to foreclosure proceedings.

In his suit, plaintiff sought declaratory relief in connection with the validity of various State court orders that, according to plaintiff, were void because he was not given proper notice.  ECF 2 at 2.  Further, he asserted that his constitutional rights under the Fifth and Fourteenth

Amendments were violated. In addition, plaintiff claimed that defendant Ronald Katz, Esquire, the trustee, committed fraud on the court; that defendant CFG Community Bank breached a contract and engaged in wrongful foreclosure; and he sought unspecified damages, declaratory relief, and injunctive relief against the estate of Frederick J. Burgesen, Michelle Y. Burgesen, Timothy K. Nickoles, Jennifer M. Nickoles, and Leslie A. Bass. *Id*. at ¶¶ 5-8.

The Court dismissed the suit by Memorandum and Order of May 15, 2020. ECF 4; ECF 5. Thereafter, on June 15, 2020, plaintiff filed his Motion. ECF 6.

## II.     Discussion

The suit is one of several filed by plaintiff. After reviewing plaintiff's prior lawsuits concerning the same and related matters, this Court concluded that the prior analysis dismissing the claims for lack of jurisdiction and on the basis of res judicata remained applicable. ECF 4 at 5 (citing *Myers v. CFG Community Bank*, Civ. Action ELH-16-3220 (D. Md. 2016) ("2016 Suit")). The Court said, ECF 4 at 5-6:

> In the 2016 suit, this court observed that Myers's attack on the 2011 Maryland foreclosure action and subsequent sale of the Property, which were brought under Maryland law, generally do not give rise to federal question subject matter jurisdiction. [*See* 2016 suit, ECF 3 at 5]. The addition of a due process claim did not change the analysis. *See id*. (citing *Smith v. Nationstar Mortgage*, LLC, 2015 WL 9581802, at *4 (D. Md. Dec. 29, 2015)) (dismissing case challenging foreclosure proceeding for lack of subject matter jurisdiction despite due process claim*); El v. Holland*, 2012 WL 2394830, at *1-2 (W.D. N.C. June 25, 2012) (same, where plaintiff claimed wrongful eviction without due process). This court also observed: "The alleged due process violation here is insufficient to establish jurisdiction." 2016 Suit, ECF 3 at 5 (citing *Cf. Bell v. Hood*, 327 U.S. 678, 682-3 (1946)) (noting that a suit "may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution . . . clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous").

In his Motion, Myers assigns error to my analysis. In his view, his lawsuit does not concern the foreclosure on his property. Rather, his Complaint is an allegation that his constitutional right

2

to due process was denied by the State courts when the foreclosure was permitted to take place and was not set aside when he raised a claim that the trustee committed fraud. ECF 6. He adds that res judicata is not applicable because, according to him, the State courts' orders were void. *Id*. at 6. He maintains that under Maryland law he is permitted to attack a void judgment at any time. *Id*.

"Federal Rule of Civil Procedure 59(e) permits the district court to reconsider a decision in certain circumstances." *Ross v. Early*, 899 F. Supp. 2d 415, 420 (D. Md. 2012) (citing Fed. R. Civ. P. 56(e)), *aff'd*, 746 F.3d 546 (4th Cir. 2014). The plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment. But, the Fourth Circuit has said: "Our case law makes clear [] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see United States ex el Carter v. Halliburton Co.*, 866 F. 3d 199, 210-11 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 2674 (2018); *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

A district court may amend a judgment under Rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Another purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51

3

F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999).  But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance."  *Id.*; *see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted).  In other words, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir.1995)); *see* 11 WRIGHT ET AL, FED. PRAC. & PROC. CIV. § 2810.1 (3d ed.) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied").

Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082; *see United States ex rel. Becker*, 305 F.3d at 290.  Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted).

The Motion falls within the ambit of mere disagreement with this Court's ruling.  Plaintiff's assertion that he never had his "day in court" is belied by the litigation history.  The Motion does not present a viable basis for this Court to revisit its analysis of the law governing this case.

An Order follows.

Date:  September 17, 2020                                        /s/
                                                                  Ellen L. Hollander
                                                                  United States District Judge